UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                   Criminal No. 09-cr-117-16-SM
                                           Opinion No. 2009 DNH 135

<u>Carlos Perozzi</u>

**O R D E R**

Based upon the government's proffer, the Magistrate Judge found probable cause to believe that the defendant conspired to distribute in excess of 1,000 pounds of marijuana, for which offense a maximum term of imprisonment of ten years or more may be imposed. Defendant has since been indicted on the same charge. Accordingly, a rebuttable presumption arises (18 U.S.C. § 3142(e)) that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . . ." <u>See</u> 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(c); <u>United States v. Vargas</u>, 804 F.2d 157, 162-63 (1st Cir. 1986).

To rebut that presumption, defendant must present evidence demonstrating that "what is true in general is not true in [his] particular case." <u>United States v. Jessup</u>, 757 F.2d 378, 304 (1st Cir. 1985). The Magistrate Judge found that defendant failed to rebut the presumption, and determined that the evidence

against defendant was of sufficient weight (defendant was in a house that was searched and in which a substantial amount of marijuana, said to be at the heart of the distribution conspiracy, was found, and he was shown to have demonstrable connections to other alleged co-conspirators) that the risk of flight to avoid a substantial sentence was greatly enhanced, and that that risk was further enhanced by the facts that defendant has few ties to the community and is a citizen or resident of Canada.

Defendant seeks review of the detention order, but offers nothing of substance warranting a different outcome. Particularly, defendant offers nothing that might justify reopening the detention hearing, i.e. he has presented nothing of substance to show that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2)(B).

In his motion to revoke the detention order, defendant merely says that "the hearing on this motion will produce sufficient evidence . . . mandating a revocation of the detention

order issued by the Magistrate Judge," and, "following a hearing [Defendant] will proffer to this Court a series of conditions that will reasonably ensure his appearance at trial [, etc.,] including, among other conditions, the execution of a waiver of extradition rights, limitations on his travel including a surrender of his passport [which probably negates the waiver of extradition offer], residence and curfew restrictions."  Besides the facts that the precise nature of the referenced new evidence is undisclosed, and the proffers regarding suggested conditions were available at the detention hearing, defendant's suggestions do not qualify as "material" information bearing on whether release pending trial is warranted.  Nor does defendant's subsequent filing of 16 substantially identical statement forms, apparently prepared by counsel and completed by various people, attesting to identical individual conclusions that defendant poses neither a danger nor a flight risk, qualify as material information bearing on the issue of pretrial release.  New and material information for Section 3142(f)(2)(B) purposes consists of "something other than a defendant's own evaluation of the strength of the case against him:  [i.e.] truly changed circumstances, something unexpected, or a significant event." United States v. Rodriguez-Adorno, 606 F.Supp. 2d 232, 239 (D.P.R. 2009) (citations omitted).

The court, having reviewed the matter <u>de novo</u>, agrees fully with the Magistrate Judge's detailed order of detention and adopts that order.  <u>United States v. King</u>, 849 F.2d 485, 490 (11th Cir. 1988); <u>United States v. Femia</u>, 983 F.2d 1046 (Table), 1993 WL 5893 (1st Cir. 1993).  Defendant did not rebut the presumption in favor of detention, has pointed to nothing new on that score, and the Magistrate Judge properly weighed the rebuttable resumption, the very real risk of flight given the substantial sentence faced by defendant, and probable cause to believe he committed the changed offense (now supported by indictment), as well as the absence of community ties, and the fact that defendant is a citizen or resident of Canada, in deciding that no condition or combination of conditions would assure his appearance or the safety of the public.  I agree.

Finally, defendant has not met the statutory threshold for reopening the detention hearing.  His motion and representations are unspecific, vague, and conclusory — nothing offered qualifies as new information not available at the hearing and material to the issue of pretrial release.

## Conclusion

The motion to revoke the detention order is denied for the reasons given by the Magistrate Judge and as set out above.  The

motion to reopen the detention hearing is denied, and the Magistrate Judge's detailed order of detention is affirmed.

**SO ORDERED.**

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
Chief Judge

September 9, 2009

cc: Debra M. Walsh, Esq.
    Anthony M. Cardinale, Esq.
    Michael J. Sheehan, Esq.
    Paul A. Maggiotto, Esq.